13855

YOUNG v. HUDSEX MOTOR CO., INC.

(174 S. E., 489)

Before FEATHERSTONE, J., Sumter, September, 1929. 

*Messrs. L. D. Jennings* and *J. Ingram Wilson,* for appellant.

*Messrs. Lee & Moise,* for respondent, 

May 17, 1934.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

This action, for both actual and punitive damages, is based upon certain alleged fraudulent acts of the defendants in connection with the purchase by plaintiff of an automobile from the Hudsex Motor Company. The sale was made on May 25, 1929, and for the credit portion of the purchase price plaintiff executed at the time a note for $1,026.08 payable in sixteen equal consecutive monthly installments of $64.12, the first of these being due on June 25, 1929. To secure the payment of the debt, the plaintiff also executed a conditional sale contract (chattel mortgage) covering the car in question. This contract provided that the automobile should be kept in Sumter, S. C., the home of the plaintiff,

and that, if any of the indebtedness "shall become due and remain unpaid in whole or in part, or if said chattel is removed or attempted to be removed from the State in which I or we now reside * * * the full amount unpaid hereunder, including any note given, shall at the option of the holder become due and payable forthwith. * * * " On the date of their execution, the note and mortgage were sold and assigned, for value, by the Hudsex Motor Company to the defendant, C. I. T. Corporation. The plaintiff thereafter, in violation of the written contract, permitted her son to take the car to New York City. She also failed to pay the first monthly installment of $64.12. The C. I. T. Corporation then repossessed the automobile and resold it to the motor company which, after some negotiations with the plaintiff with regard to a resale to her, sold it to a man by the name of Swinson.

The plaintiff alleged, *inter alia,* that the Hudsex Motor Company, through its salesman, Boyce, practiced a fraud upon her in the sale of the car, in that Boyce falsely represented to her at the time that she was allowed under the terms of the written contract to remove the automobile from the State; and that in all subsequent transactions in connection with the matter she was deceived and defrauded by the defendants to her great hurt and damage. She also alleged that the Hudsex Motor Company, at the time of the sale of the car and throughout the entire transaction, was acting as the agent of the C. I. T. Corporation.

The trial of the case, on October 7, 1930, before Judge C. C. Featherstone and a jury, resulted in a directed verdict for the defendants. The Court, however, later granted a new trial as to the Hudsex Motor Company unless that defendant consented—which it did—that judgment be entered against it in the sum of $214.18, with interest and costs. The plaintiff excepts and brings error.

The main questions presented by the appeal are (1) whether there was any evidence tending to show that the

Hudsex Motor Company was the agent of the C. I. T. Corporation as alleged by plaintiff, and (2) whether the Court committed error in directing a verdict for the defendants. We are convinced from a reading of the testimony—which we deem it unnecessary to review—that the conclusions reached by the trial Judge, as to C. I. T. Corporation, were unquestionably correct. There was no evidence which showed or tended to show that the Hudsex Motor Company was the agent of the corporation in the initial sale of the automobile, or in any subsequent transactions in regard thereto. We think, however, that there was error in directing a verdict for the Hudsex Motor Company. There was some evidence to take the case to the jury on the question as to whether the plaintiff was deceived and defrauded by the representations made to her by that defendant as alleged in the complaint.

The appellant's contention that the Court committed error in not allowing her to show at what price the automobile had been resold is without merit. While it is true that Boyce, a witness for the defendants, was not allowed to testify along that line, the plaintiff was afterwards permitted to fully examine Vogel, president of the Hudsex Motor Company, with regard to the matter. He testified that it was resold for $1,100.00.

The judgment of the Circuit Court is affirmed as to the defendant, C. I. T. Corporation; but is reversed as to Hudsex Motor Company, and the case remanded for a new trial as to that defendant.

Mr. Chief Justice Blease, Messrs. Justices Carter and Bonham, and Mr. Acting Associate Justice W. C. Cothran concur.